FILED

2025 Mar-19 PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DON NUNEZ,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:   5:25-cv-00192-LCB** |
| | ) | |
| **CITY OF HUNTSVILLE, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

## MEMORANDUM OPINION

On February 6, 2025, Plaintiff Don Nunez filed a *pro se* Complaint against the City of Huntsville and the Judges of the Huntsville Municipal Court. (Doc. 1). He also filed a motion for appointment of an attorney and for leave to proceed *in forma pauperis*. (Doc. 2). On February 10, 2025, the Court ordered Nunez to file an Amended Complaint (Doc. 5), and on February 26, 2025, Nunez filed an Amended Complaint. (Doc. 6).

The Court **GRANTS** Nunez's motion to proceed *in forma pauperis* but **DENIES** his motion for appointment of an attorney. For the reasons set out herein, the Court **DISMISSES** this action **WITH PREJUDICE** for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

* * * * *

(B) the action or appeal--
    (i) is frivolous or malicious; [or]
    (ii) fails to state a claim on which relief may be granted; . . . .

In conducting its review of Nunez's Complaint, the Court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, the Court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Nunez's original Complaint alleged:

Two judges felt my judge wasn't imposing enough sentencing. So they validated [*sic*: violated] my rights by resentencing me, several times after Circuit Court dismissed their judgments.   [I] wasn't even able to go to Veteran's Court.

. . . .

Their resentencing me over 4 yr period caused me to be violated on this case I'm on now.   Of which caused me to loose [*sic*: lose] job,

2

wife, car, and reputation ect [*sic*: etc.].   Then having medical issue's [*sic*] that wasn't [*sic*] properly address[ed].

(Doc. 1 at 5).

When the Court ordered Nunez to amend his Complaint, it informed him that

> [t]he Amended Complaint must set forth additional factual allegations to support Plaintiff's claims, including the case number(s) for the municipal court case(s) about which Plaintiff complains, and the names of the Huntsville Municipal Court Judges he sues. Plaintiff shall also describe the claim he pursues against the City of Huntsville.

(Doc. 5 at 2).

Nunez's Amended Complaint identifies by surname only some of the Municipal Court Judges he sues, including Judge Grimes, Judge Cleveland, and Judge Robinson.   He also identifies Judge Smith, a "Circuit Court" Judge.   (Doc. 6 at 5–6).[1] Nunez did not include any municipal court case numbers, nor did he describe the claim he pursues against the City of Huntsville. Rather, Nunez states:

> Judge Grimes granted me appeal bonds on 7 seven cases without no money down and if remind [*sic*: remand] back to do 30 day's [*sic*]. Judge Cleveland & Judge Robinson had a vendetta against my sentence. When I went to do 30 day's [*sic*] I was resentence[d] by Judge Cleveland to court cost[s], fines, time, and probation.   Judge Smith (Circuit Court) overturned the resentencing.   They release[d] me but illegally she still enforce[d] my probation and fee's [*sic*].   A DUI that was charged against me was dismiss[ed] because officers never show[ed]-up three times.   Judge Robinson took it upon himself to accuse me of DUI.

---

[1] The Court notes Alabama's 23rd Judicial Circuit, which encompasses Huntsville, Alabama, does not employ a Circuit Judge by the surname Smith. However, it does employ Ronald Smith as a District Judge.

(*Id*. at 5).   He also alleges:

> The courts vindicated [*sic*: violated] me. I am justly due compensation for incarceration, lost job, wife & children growing-up experience's [*sic*] and lost [*sic*] of financial obligations to family. Not allowing me to provide the normal working American position of income status, and stressing causing physical & emotional disorders. Paying illegal court cost[s], fine[s], and probation (restitutions). For their own personal ego putting it before law and civil rights.

> After being dismiss [*sic*]. Put a commit order out on me of which was served Sept. 1, 2023[,] 3 to 5 yrs later. Causing me to violated [*sic*] on the charge I'm serving now. Both judges upon resentencing me showed disrespect, animosity, and revengeance [*sic*]. In court stating that Judge Grimes didn't know how to sentence me. So they illegally resentence[d] me.

(*Id*. at 5–6).

All of Nunez's claims against the judges he names as Defendants cannot

proceed because his claims concern sentencing for offenses:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted).  This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

4

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam), *superseded on other grounds by statute as recognized in Peters v. Noonan*, 871 F. Supp. 2d 218, 226 (W.D.N.Y. 2012) ("[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity…. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." (citations omitted)); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority." (quoting *Mireles*, 502 U.S. at 12-13)).

Sentencing falls within the functions normally performed by a judge and exists clearly within a judge's jurisdictional authority.  Therefore, Nunez's claims against the individual judges he names are barred by absolute judicial immunity. *See Mireles*, 502 U.S. at 11 ("Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages." (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  As such, those claims warrant dismissal.

Nunez also names the City of Huntsville as a Defendant. As a municipality,

the City of Huntsville

> may not be held liable for constitutional deprivations on the theory
> of *respondeat superior. Denno v. Sch. Bd. of Volusia Cty., Fla.,* 218
> F.3d 1267, 1276 (11th Cir. 2000). Instead, "municipal liability is
> limited to action for which the municipality is actually
> responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80, 106
> S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986). A municipality therefore
> may be held liable "only if such constitutional torts result from an
> official government policy, the actions of an official fairly deemed to
> represent government policy, or a custom or practice so pervasive and
> well-settled that it assumes the force of law." *Denno,* 218 F.3d at 1276.

*Hill v. Cundiff*, 797 F.3d 948, 977 (11th Cir. 2015); *see also Monell v. New York*

*City Dept. of Social Services*, 436 U.S. 658, 691, 694–95 (1978).

In addition, Nunez must allege the City of Huntsville acted "'with the requisite

degree of culpability and must demonstrate a direct causal link between the

municipal action and the deprivation of federal rights.'" *Hill*, 797 F.3d at 977

(quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404

(1997). Both factors present stringent standards. To demonstrate the requisite

degree of culpability, Nunez must allege that "'a municipal actor disregarded a

known or obvious consequence of his [or her] action,'" or, in other words,

demonstrated deliberate indifference to those consequences. *Id.* (quoting *Brown*, 520

U.S. at 410). To demonstrate the requisite causal connection, Nunez must allege "the

deprivation of the constitutional right is a 'plainly obvious consequence' of the municipal action." *Id.* (quoting *Brown,* 520 U.S. at 411).

Nunez alleges no facts to support a theory that any unconstitutional actions resulted from an official government policy, custom, or practice. He also alleges no facts bearing on a finding of deliberate indifference or demonstrating a causal connection between the City's action and the deprivation of his rights. In fact, neither Nunez's original Complaint nor his Amended Complaint asserts any facts at all regarding the City's liability, other than the actions of the Municipal Court Judges. Accordingly, Nunez's claim against the City of Huntsville also cannot proceed.

Because Nunez has asserted no viable basis for relief, the Court **DISMISSES** this action **WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B). The Court will enter a separate Final Judgment. The Clerk is directed to close this action.

**DONE** and **ORDERED** March 19, 2025.

 

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

7